GEORGE B. HANKINS, Respondent, *v.* EDMUND H. WATKINS, Appellant.

*Liability for an illegal act, or a lawful act done in a careless manner — use of fire-
arms — intent, when immaterial — error disregarded on appeal.*

When a person does a lawful act, or an act not mischievous, rash, reckless or
foolish, or naturally liable to result in injury to others, he is not responsible
for damages resulting therefrom by accident or casualty, while he exercises
such care and caution to avoid injury to others as a prudent man would observe
under the attendant circumstances.

When one does an illegal or mischievous act which is likely to prove injurious to
others, or when he does a legal act in such a careless and improper manner
that injury to third persons will probably ensue, he is answerable, in some form
of action, for all the consequences which may directly and naturally result from
his conduct. It is not necessary, in order to justify an action against him, that
he should intend to do the particular injury which follows, or any injury at all.

A very high degree of care is required from all persons using firearms in the
immediate vicinity of other people, no matter how lawful or even necessary
such use may be.

When one makes use of loaded weapons, he is responsible as he might be for any
negligent handling of dangerous machinery; that is to say, for a care propor-
tioned to the danger of injury from it.

When the question of the party's intent is one of the issues in an action, he may
testify that he had, or did not have, the intent charged, but, where the issue

is not one of intent, such evidence is inadmissible as his intent is wholly immaterial.

The complaint in an action charged the defendant with having wrongfully and negligently caused injury to the plaintiff by shooting him. There was no claim upon the trial that the defendant's act in so doing was intentional, and a recovery was sought only on the ground of his negligence.

*Held*, that evidence of the intent of the defendant was inadmissible.

Upon the trial of the action, the defendant was asked: "Did you handle your gun that morning in a careful, prudent and cautious manner?" and also, "Have you had considerable experience in handling a gun, and were you careful in handling your gun upon the morning in question?"

*Held*, that such questions were properly excluded.

Although improper evidence be admitted upon the trial of an action, if such evidence is harmless it furnishes no ground for disturbing the judgment rendered therein.

APPEAL by the defendant, Edmund H. Watkins, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tompkins on the 24th day of October, 1890, upon the verdict of a jury rendered after a trial at the Tompkins Circuit, and also from the judgment of the Supreme Court in favor of the plaintiff, entered in said clerk's office on the 6th day of November, 1893, upon the denial of the defendant's motion for a new trial, for costs and disbursements, and also from an order entered in said clerk's office on the 6th day of November, 1893, denying the defendant's motion for a new trial.

*M. N. Tompkins*, for the appellant.

*Thomas W. Burns*, for the respondent.

MARTIN, J.:

This action was for negligence. The plaintiff claimed, and the evidence given in his behalf disclosed, that on the 14th day of October, 1889, he and his brother went to the head of Cayuga lake, duck hunting; that they took with them two tame ducks to be used as decoys; that while they were preparing to anchor them as such decoys one of them escaped from the boat in which they were, and the plaintiff and his brother pursued it; that while doing so the defendant shot at them and seriously injured the plaintiff; that the accident occurred a few minutes before six o'clock in the morning;

that it was clear and broad daylight, being about fifteen or twenty minutes before sunrise; that between the place where the defendant stood when he fired and the boat in which the plaintiff and his brother were, there was nothing to obstruct the defendant's vision, so that if he had looked before firing he would have seen the plaintiff, his brother and the boat in which they were at the time The evidence of the defendant was somewhat in conflict with that of the plaintiff, and tended to show that it was not sufficiently light at the time to enable him to see the plaintiff, and that his vision was obstructed by the limbs of the trees and shrubs that stood between him and the plaintiff.

The question whether the transaction was as claimed by the plaintiff, or as claimed by the defendant, was submitted to the jury and it found in favor of the plaintiff. Therefore, in examining the questions of the defendant's negligence and the plaintiff's freedom from contributory negligence, we must regard the facts proved by the plaintiff as the established facts in this case. Assuming the transaction to have occurred in the manner testified to by the plaintiff and his witnesses, it is quite obvious that both the question of the defendant's negligence and the question of the plaintiff's freedom from contributory negligence were questions of fact that were properly submitted to the jury, and that its findings thereon should be regarded as final.

The appellant, however, insists that the rule of law applicable to this case is, that " One who is hunting in a ' wilderness ' is not bound to anticipate the presence, within range of his shot, of another man, and is not liable for an injury caused unintentionally by him to a person of whose presence he was not aware," and cites 4 Wait's Actions and Defenses, 702, and *Bizzell* v. *Booker* (16 Ark. 308) to uphold his insistence. When we examine the *Bizzell* case we not only find that the facts in that case were wholly unlike those in the case at bar, but that all that was held in that case was, that where a person doing a lawful act, or an act not mischievous, rash, reckless or foolish, and naturally liable to result in injury to others, he was not responsible for damages resulting therefrom by accident or casualty, while he was in the exercise of such care and caution to avoid injury to others as a prudent man would observe under the circumstances surrounding him. We also find that in that case it was

expressly held that such a person would be answerable for damages which resulted from his negligence or want of such care and caution on his part. Referring to Wait's Actions and Defenses, we find the statement above quoted, and that the *Bizzell* case is the only authority cited to sustain it. We fail to see how the doctrine of the *Bizzell* case in any way aids the defendant, but, on the contrary, it seems to be an authority in favor of the plaintiff, as the court in that case expressly indorsed the doctrine laid down by BRONSON, Ch. J., in *Vandenburgh* v. *Truax* (4 Den. 464), as follows: "It may be laid down as a general rule, that when one does an illegal or mischievous act which is likely to prove injurious to others, and when he does a legal act in such a careless and improper manner that injury to third persons may probably ensue, he is answerable in some form of action for all the consequences which may directly and naturally result from his conduct. * * * It is not necessary that he should intend to do the particular injury which follows, nor, indeed, any injury at all." In Shearman & Redfield on Negligence (§ 686) it is said: "A very high degree of care is required from all persons using firearms in the immediate vicinity of other people, no matter how lawful or even necessary such use may be," and the cases of *Weaver* v. *Ward* (Hob. 134); *Castle* v. *Duryee* (1 Abb. Ct. App. Dec. 327); *Moody* v. *Ward* (13 Mass. 299); *McClenaghan* v. *Brock* (5 Rich. Law [So. Car.], 17); *Haack* v. *Fearing* (5 Rob. 528); *Moebus* v. *Becker* (46 N. J. Law, 41) are cited to sustain that proposition. Cooley, in his work on Torts, p. 705, says: "When one makes use of loaded weapons he is responsible only as he might be for any negligent handling of dangerous machinery, that is to say, for a care proportioned to the danger of injury from it." Under the circumstances disclosed by the evidence in this case, and upon the authorities bearing upon the question of the defendant's liability, we think there is no doubt of the plaintiff's right to recover in this action.

On the trial the defendant was asked: "Did you intend to shoot this plaintiff?" This question was objected to by the plaintiff, the objection was sustained and the defendant duly excepted. While it has been held that when the question of the party's intent is one of the issues in an action, he may testify that he had or did not have the intent charged, still, where the issue is not one of intent, such

evidence is inadmissible, as his intent is wholly immaterial. In this case, while the complaint charges the defendant with having wrongfully and negligently caused the plaintiff's injury, there was no claim on the trial that his act was intentional, but, on the contrary, the plaintiff sought to recover only upon the ground of the defendant's negligence. This is shown very plainly by that portion of the charge of the learned trial judge, in which he said to the jury : " It is not claimed that he (defendant) willfully shot the plaintiff. The plaintiff's counsel repudiates the idea that he deliberately and willfully, intending to hit these men, shot at them, for they claim that the act was a lawless act, and that the act was careless and negligent, and not deliberate or willful." Again, the judge says : " But this is not a charge of willful shooting." Thus the question at issue between the parties on the trial was whether the plaintiff's injury was caused by the defendant's negligence, and no question of his intent was involved in the case. We find no error in this ruling.

The defendant was also asked : " Did you handle your gun that morning in a careful, prudent and cautious manner ? " This was objected to, the objection sustained and the defendant excepted. We think this exception was not well taken. If by this question the defendant sought to show that in his opinion he was not negligent in shooting the plaintiff, it was inadmissible, as that was a question not for the witness, but for the jury to decide. (*Carpenter* v. *Eastern Transportation Co.*, 71 N. Y. 574 ; 16 Am. & Eng. Ency. of Law, 463, and cases cited.) If the defendant's purpose was to show that he handled his gun with care, it was immaterial, as the negligence charged did not relate to the manner in which he used his gun, but consisted in his shooting towards the plaintiff without previously looking to see what was within the range of his gun when he fired. The defendant was also asked : " Have you had considerable experience in handling a gun, and were you careful in handling your gun upon the morning in question ? " which was objected to and excluded. This was in substance the same as the previous question, and the evidence was properly rejected. We are also of the opinion that the court properly refused to admit the evidence called for by the question put to the witness Brown, whether the defendant was " a capable and careful hand to handle a gun."

It appears that photographs had been taken of the place where this injury occurred. The plaintiff was interrogated as to the relative condition, at the time when they were taken, and when the injury occurred, of the trees, water and other things, as to what was done, and as to whether there was anything to obstruct the defendant's view. This evidence was objected to by the defendant, and admitted under his exception. As the photographs were not admitted in evidence or shown to the jury, we are unable to see how the defendant could possibly have been injured by the admission of this evidence. It is quite manifest that even if the evidence was inadmissible its admission was harmless, and, hence, we find in the ruling no reason to disturb the judgment.

Having considered all the questions presented by the defendant in his brief, and having found no exception that would justify us in interfering with the judgment, it follows that the judgment and order should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.